## THOMAS F. M. BROWN v. THE STATE.

Swindling is defined by article 773 *a* of the Criminal Code as follows: "Swindling is the acquisition of any personal or movable property, money, or instrument of writing, conveying or securing a valuable right, by means of some false or deceitful pretence or device, or fraudulent representation, with intent to appropriate the same to the use of the party so acquiring, or of destroying or impairing the rights of the party justly entitled to the same." (Paschal's Dig., Art. 2426, Note 690.)

To sustain a conviction, the facts charged must be proved; and, if the charge be that the accused passed spurious money, representing it to be good, the spuriousness of the money must be satisfactorily proved.

APPEAL from Hardin.   The case was tried before Hon. J. M. MAXCY, one of the district judges.

The defendant was indicted for swindling, found guilty, and his punishment assessed at two years' imprisonment in the penitentiary; and from this judgment he appealed. The case turned upon the sufficiency of the evidence to convict.

The proof was very clear that the prisoner passed a $100 note to the prosecutrix for a horse and watch, and that he represented the note to be good, and worth $103; that he promised to indorse it, and wrote something on a piece of paper, but carried away the writing. The prosecutrix could not read; but being told by a witness, who came in soon afterwards, that the note might not be good, and he declining to take it in a trade which he was negotiating with her, the energetic amazon mounted a horse, without saddle and with but one bridle-rein, and galloped after prisoner and his companion, overtook them, and demanded back her property. He at first refused, drew a bowie-knife, and blustered, but after some altercation, finding she meant to follow him, he gave up the property and took back the note. The witness, Evans, thought the note was on some railroad bank in Alabama. Another witness proved that the accused had offered him a note on a railroad bank of Alabama, which note, after examination, had been condemned, because not on any bank mentioned in the bank-note detector. But there was no proof that the note which the witness passed was the same note, nor that it was spurious or worthless: only that it was suspected.

*Pedigo, Peckett & Rock,* for the appellant, cited article 773 of the Penal Code, and argued upon the insufficiency of the evidence.

*George Flournoy, Attorney General,* for the State, relied on the sufficiency of the evidence.

WHEELER, C. J.—The evidence, in our opinion, is not sufficient to support the conviction. The alleged false pretense or representation is, that the paper given the witness, Mrs. Coraway, for the property obtained from her by the accused, was a "genuine and good bank bill," when in truth it was not a bank bill, but was a worthless piece of paper.

The representation that the paper was a good and genuine bank bill is the alleged operative cause of the delivery to the accused of the property, and the falsity of the representation is the *gravamen* of the accusation. It is that which constitutes the criminality of the charge. It is manifest, therefore, that proof of the averment of the falsity of the representation, that is, proof that the paper was not a good and genuine bank bill, was essential to a conviction, and upon this point we are of opinion there was a failure of proof.

There is no evidence that the paper was the same which was proffered by the accused to the witness, Ratcliff. There is no evidence touching its genuineness by any witness who saw it, except the statement of the witness Evans, and he does not profess to know, or undertake to say, it was not genuine. He does not profess to have competent knowledge to enable him to speak to that point. He did not like the appearance, and refused to receive it. But that fact, qualified as it was by his acknowledged want of competent information on the subject, cannot be deemed competent proof that the paper was not a genuine bill.

We may feel, as doubtless the jury did, a strong suspicion, from all the attendant circumstances, that the paper was a forgery or worthless, but we cannot say that the record affords competent evidence of the fact; and without such evidence it is manifest the conviction cannot be sustained.

We are therefore of opinion that the judgment be reversed, and the cause

REMANDED.